John W. ·WICKENDEN et al.

v.

Genia LUBOSHUTZ et al.

Supreme Judicial Court of Maine.

May 24, 1979.

Strout, Payson, Pellicani, Cloutier, Hokkanen & Strong by Arthur E. Strout, Rockland (orally), for plaintiffs.

Harmon, Jones & Sanford by John J. Sanford, Camden (orally), Calderwood, Ingraham & Gibbons, by Paul L. Gibbons, Camden (orally), for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellee Genia Luboshutz is the owner of a parcel of land, about 70,000 square feet in area, in Rockport, Maine. On that parcel are three buildings: a three-bedroom house, a one-car garage, and a building referred to as "the studio." On December 6, 1977, after due notice and hearing, the Rockport Zoning Board of Appeals granted appellee's application for permission to divide the parcel into two separate lots, each of about 35,000 square feet, the house and garage to be located on one lot and the studio on the other. Appellants, abutting land owners, opposed the subdivision on the ground that a minimum lot size of 40,000 square feet is required by the Rockport Land Use Ordinance in Mrs. Luboshutz's district ("District 4").

The Board of Appeals approved the application pursuant to section III(C) of the ordinance, which provides as follows:

"An existing nonconforming use may be changed to another nonconforming use provided that the proposed use is equally or more appropriate to the district than the existing nonconforming use as determined by the Board of Appeals."

After weighing the evidence, the Board of Appeals found that appellee's use of the 70,000 square foot parcel had been nonconforming because, from a time antedating

the ordinance and thereafter up to the time of appellee's application, two "dwellings" had existed on the parcel, contrary to a standard in the ordinance that prescribed 40,000 square feet in District 4 as the minimum area per dwelling unit for any one lot. Then, applying section III(C), set forth above, the Board determined that appellee's proposed division would result in another nonconforming use that would be "equally or more appropriate to the district than the existing nonconforming use."

Appellants John and Cecilia Wickenden sought judicial review of the Board decision by timely filing of a complaint against Mrs. Luboshutz and the Board under Rule 80B, M.R.Civ.P., in the Superior Court. A hearing was held on April 19, 1978. The presiding justice ruled that the decision of the Board of Appeals was supported by substantial evidence and adopted the findings of fact made by the Board. From a judgment entered for the defendants, the plaintiffs appeal.[1] We deny the appeal.

Appellants first argue that there is only one "dwelling," not two, on Mrs. Luboshutz's property. If they are correct, then the existing use is not nonconforming and section III(C) of the ordinance cannot apply. The question is whether the Board and the Superior Court erred in characterizing "the studio" as a dwelling[2] under the scheme of the ordinance, rather than as an accessory use.[3]

■ The Board of Appeals made detailed findings of fact concerning the use of the studio. Before the effective date of the Rockport Land Use Ordinance and up to the time of the Board's hearing, Mrs. Luboshutz leased the main building and used the studio as summer living quarters for herself. Appellants contend that the studio is an accessory use to the main house rather than a separate dwelling because the building is not equipped for winter and lacks a kitchen with customary domestic appliances. The ordinance defines a "dwelling" as a "building designed or used as the living quarters for one family." In effect, appellants ask us to hold that the Board erred in applying that definition literally instead of importing a condition that "living quarters" be capable of year-round use with customary kitchen facilities. We see no reason to do so in a case where there was substantial evidence before the Board that the building has its own independent water supply, septic system, electricity, refrigeration and parking area.

■ Appellants' next argument is that, even if the Board's finding is correct that the studio is a dwelling, section III(C) does not authorize the division of the parcel because the proposed use is a conforming use. Appellants do not dispute the Board's conclusion that the existing use must be nonconforming if the studio is found to be a dwelling because, on that finding, there are two dwellings on a parcel of only 70,000 square feet.[4] However, once the division is completed, appellants contend, each lot will contain one dwelling and hence the use will no longer be nonconforming. The argument overlooks the fact that both lots will be nonconforming after the subdivision because each dwelling will be on a lot having less than the area required by the ordinance.

1. Appellee Luboshutz has not contended in this case that the Rockport minimum-lot-size requirement is unconstitutional. *Cf. Barnard v. Zoning Board of Appeals*, Me., 313 A.2d 741 (1974).

2. Section VIII(C) of the ordinance defines "dwelling" as follows:

   "A building designed or used as the living quarters for one family. The term shall not be deemed to include (1) Commercial housing such as hotels, motels and rooming houses, (2) Vehicles licensed for highway use, or (3) Other non-permanent structures."

3. Section VIII(C) of the ordinance defines "accessory use" as

   "A use customarily incidental and subordinate to the principal building or use."

4. The ordinance defines "nonconforming use" as follows:

   "A use of a building, structure, or area of land which does not conform to the regulations of the district or zone in which it is situated."

Appellants' final argument is that the Board of Appeals was not authorized to grant Mrs. Luboshutz's request under section III(C), on the ground that an exception to area requirements may be granted under the ordinance only by variance. Since the Board did not purport to comply with the standards for granting a variance mandated by the ordinance and 30 M.R.S.A. § 4963(3), the appellants contend that the Board must be reversed.

 The argument is answered by observing that appellee was not applying for a variance. Her ownership of a 70,000 square-foot parcel with two dwellings located on it antedated the Rockport Land Use Ordinance. The presence of two dwellings on the parcel became nonconforming, though lawful, after adoption of the ordinance. The zoning ordinance had a provision, section III(C), which permitted change to another nonconforming use upon determination by the Board of Appeals that the proposed other nonconforming use would be equally or more appropriate to the district. After full discussion of the question, the Board made an explicit finding that the proposed use satisfied the requirements of section III(C). That finding was supported by credible evidence and is not open to objection as impairing the integrity of the scheme of controls established by the Rockport Land Use Ordinance. *Cf. Gagne v. Inhabitants of Lewiston*, Me., 281 A.2d 579 (1971). No change is sought in the structures located on the parcel to be divided. Exactly the same controls that are applicable under the ordinance to the orginal, noncomforming parcel remain applicable to the separate, nonconforming lots after the proposed division. The fact that appellee did not seek approval of a variance is immaterial.

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD and NICHOLS, JJ., did not sit.