### Kenneth GOLDMAN

v.

### TOWN OF LOVELL et al.[1]

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1991.
Decided May 31, 1991.

1. We take this occasion to reconcile our formerly inconsistent practices in captioning cases

Norman J. Rattey, Skelton, Taintor & Abbott, Auburn, for appellant.

A. Kingman Pratt, Jr., Fryeburg, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Kenneth Goldman appeals from the denial in the Superior Court (Oxford County, *Browne, A.R.J.*) of his M.R.Civ.P. 80B appeal from the ruling of the Lovell Board of Appeals ("Board") denying his administrative appeal from the Lovell Planning Board's denial of his after-the-fact application for a conditional use permit. The Board found his structure to be a "dwelling unit" and therefore ineligible for permit approval under Lovell's zoning ordinance. Because the Board's finding of fact as to the character of the structure was adequately supported by the record, we affirm.

In 1987, Goldman applied to the Lovell Planning Board for a permit for a structure on his lot on Kezar Pond, in an area zoned as a limited residential-recreational district. He was granted a conditional use permit to construct a "garage with a sleeping area for 1 bedroom plus a sitting room." The permit contained the explicit condition, "No bathroom or kitchen will be installed."

Goldman then constructed a garage with an upstairs apartment that contained a bathroom and kitchen. The structure contained its own water pump and water heat-

where both the municipality and the enforcing officer have been named as defendants. *Compare Cushing v. Smith,* 457 A.2d 816, 816 n. 2 (Me.1983) (municipality deleted from caption) *with Cope v. Inhabitants of Brunswick,* 464 A.2d 223, 223 n. 1 (Me.1983) (municipality is proper defendant). We find no continuing validity in our dictum, in *Thornton v. Lothridge,* 447 A.2d 473, 474 n. 2 (Me.1982), to the effect that the municipality must be dropped from the caption of an appeal where the enforcing officer has been named as a defendant. The municipality is the real party in interest, and using its name in the caption better identifies the case.

er. In 1989, the Town of Lovell ("Town") filed a complaint for land use violations in the District Court pursuant to M.R.Civ.P. 80K.

While the Rule 80K action was pending, Goldman filed after-the-fact applications for a building permit and plumbing permit for a "garage with year round sleeping quarters and bathroom." The Town's Code Enforcement Officer (defendant Ronald McAllister) and Licensed Plumbing Inspector (McAllister's predecessor, Prentice Kimball) refused to process his applications during the pendency of the Rule 80K proceeding in the District Court. Goldman then filed a complaint in the Superior Court pursuant to M.R.Civ.P. 80B, seeking an order in the nature of mandamus requiring Kimball and McAllister to process his applications. Ultimately, the Superior Court (Oxford County, *Browne, A.R.J.*) ordered the defendants in that proceeding to process the permit applications. That order was not issued until after the disposition of the Rule 80K case.

In the Rule 80K proceeding, the District Court (Bridgton, *Donovan, A.R.J.*) found the Goldmans and their building contractor in violation of the terms of the permit and of the Lovell Zoning Ordinance. The court assessed fines and attorney fees against them, and ordered the water supply pipe, the waste drain pipe, and the water pump's electrical supply physically disconnected immediately. The court further ordered:

> 3. All plumbing pipes and fixtures shall be removed from the garage building not later than thirty (30) days after the final disposition of Defendants Goldman' [*sic*] pending Rule 80B action in the Oxford County Superior Court (bearing docket no. CV–89–78) or not later than the final disposition of any municipal board

and/or Court proceedings, if any, resulting from said Superior Court action.

That order was not appealed.

Following the Superior Court's Rule 80B mandamus order, McAllister, who had become Licensed Plumbing Inspector as well as Code Enforcement Officer, denied Goldman's plumbing permit application, on the basis that as an application for a "single family dwelling" it did not contain a provision for subsurface wastewater disposal, and if viewed in the alternative as an application for plumbing in an accessory structure it did not meet the requirements for a seasonal conversion permit.[2] Goldman subsequently filed an amended plumbing permit application, which has never been acted on.

With regard to the building permit, McAllister, in his capacity as Code Enforcement Officer, determined that the application did not meet the requirements for a building permit, absent a conditional use permit issued by the Planning Board, because it was for a dwelling unit within the limited residential-recreational district and also did not meet Lovell's minimum lot size requirements.[3] He therefore referred the application to the Lovell Planning Board for consideration of a conditional use permit.

Goldman presented the Planning Board with extensive information intended to address the deficiencies in his earlier application. Following a public hearing, the Planning Board denied the conditional use permit on the basis that the structure was a dwelling unit, and that the application therefore was for a second dwelling unit on a lot of substandard size.

Goldman appealed the Planning Board's decision to the Lovell Board of Appeals. Following a public hearing and a view of the premises, the Board decided that the structure was a dwelling, and therefore denied Goldman's appeal.

---

**2.** Additionally, McAllister noted that the application falsely stated that Goldman had done the work himself, whereas in the Rule 80K proceeding he had testified that the work was done by a licensed master plumber whose name he was unable to recall.

**3.** The Lovell zoning ordinance defines "residential dwelling unit" as "a room or group of rooms designed and equipped exclusively for use as permanent, seasonal, or temporary living quarters for one family."

Goldman then filed another Rule 80B complaint in the Superior Court. Count I of the complaint requested relief in the nature of mandamus against McAllister, in his capacity as Licensed Plumbing Inspector, in the form of an order that he "fully and fairly consider" Goldman's amended application for a plumbing permit.[4] Count II appealed the decision of the Board of Appeals on the basis that the structure is not a dwelling unit.

The Superior Court (*Browne, A.R.J.*) affirmed the decision of the Board of Appeals. The court's order, after reciting the history of the case, stated:

1. It appearing from the record that the decision of the Lovell Board of Appeals on June 23, 1990 was based on substantial evidence and was not arbitrary, capricious or unreasonable, its decision is hereby Upheld and Affirmed.

2. Plaintiff's appeal and request for relief under MRCP 80B is hereby Denied.

Goldman now appeals.

## I.

■ On appeal from the Superior Court's decision in a Rule 80B appeal of a zoning board's action, we review directly the action of the zoning board. *Leadbetter v. Ferris*, 485 A.2d 225, 227 (Me.1984). Our review is limited to determining whether the Board's findings of fact were adequately supported by the record before it, and whether the Board erred in its application of the law. *Id. See also Your Home, Inc. v. Town of Windham*, 528 A.2d 468, 470 (Me.1987).

Accordingly, a fundamental question here is whether the Board's characterization of Goldman's structure as a "dwell-ing unit" was a finding of fact or a conclusion of law. We note that the Superior Court treated the issue as one of fact, as its order stated that it was based on a review for substantial evidence in the record.

Goldman contends on appeal that the meaning of "dwelling unit" is a question of law. He cites various cases in which we have treated the determination of the meaning of terms in an ordinance as a matter of statutory construction. *E.g., City of Portland v. Grace Baptist Church*, 552 A.2d 533, 536 (Me.1988) (construing "development"); *Lapointe v. City of Saco*, 419 A.2d 1013, 1015–16 (Me.1980) (construing "continuous frontage"); *Moyer v. Board of Zoning Appeals*, 233 A.2d 311, 317–19 (Me.1967) (construing "hotel").[5]

However, "in certain factual situations, even though the terms of the zoning ordinance are to be defined by the Court as a matter of law, whether or not the proposed structure or use meets the definition in the application thereof may be a matter of fact for initial Board determination." *Moyer*, 233 A.2d at 318. This is such a situation. *See Wickenden v. Luboshutz*, 401 A.2d 995, 996 (Me.1979) (board's finding that structure was "dwelling unit" was supported by substantial evidence, where building had independent water supply, septic system, electricity, refrigeration, and parking). *Accord, Langbein v. Board of Zoning Appeals*, 135 Conn. 575, 67 A.2d 5 (1949) (whether particular institution was "school" within meaning of ordinance was question of fact).

■ Concluding that the Board's characterization of Goldman's structure as a "dwelling unit" was a finding of fact, we therefore review it only to determine

---

4. Although the parties apparently stipulated to the dismissal of Count I, no dismissal was ever entered on the docket. However, we conclude that the Superior Court's order adequately disposed of all the issues before the court, including Count I, and accordingly treat it as an appealable final judgment.

5. Goldman also points to a case in which we reviewed a zoning board's refusal to character-ize old rental cabins as "dwelling units" for error of law. *See Oman v. Town of Lincolnville*, 567 A.2d 1347, 1348 (Me.1990). The question in that case, however, was whether the term "dwelling unit" was elastic enough to include rental cabins serving a transient population, and was not the actual character of the cabins themselves, which was not in dispute.

whether it was adequately supported by evidence in the record.

## II.

■ The Board had ample evidence before it as to the character of the particular structure in question. The unit was completely separate from the Goldmans' existing house. It had its own water pump and water heater. The permit application for the proposed septic system stated that the system was designed to meet State Plumbing Code subsurface wastewater disposal design criteria for a two-bedroom dwelling. The interior plumbing permit application described the unit as a dwelling. The unit contained a full bathroom, a kitchen sink with a dish sprayer, and a built-in refrigerator. Moreover, the Board had taken a view of the premises, and the Board members were therefore "entitled to give due consideration to whatever knowledge they thus acquired." *Lippoth v. Zoning Board of Appeals, City of South Portland*, 311 A.2d 552, 557 (Me.1973). Thus, substantial evidence in the record supported the Board's finding of fact that the structure was a "dwelling unit."

The entry is:

Judgment affirmed.
All concurring.