STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

OCT 11  9 09 AM '00  NM-CUM- 10/11/2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-001

ROBERT J. and WENDY P.
SPRINGBORN,

Plaintiffs

vs.

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

THE TOWN OF FALMOUTH
and FAIRWAY VILLAS, INC.,

OCT 31 2000

Defendants

The plaintiffs appeal pursuant to M.R. Civ. P. 80B the Falmouth Planning Board's grant of final subdivision approval to defendant Fairway Villas, Inc. to develop Phase I of the so-called Commercial Zone, which is located adjacent to the southern boundary of the Woodlands Subdivision, where the plaintiffs reside. See Record (R.) Tab 45; R. Tab 39;  Supplement to Record (SR.) Tab 2.  The Planning Board granted preliminary subdivision approval in 1994 and again in 1999.  SR. Tab 8; R. Tab 30.  The Planning Board approved the site plan in 1999.  SR. Tab 9.

Plaintiffs argue that the project is not a "mixed used development" as defined under the Falmouth Zoning Ordinance and Site Plan Review Ordinance.  The plaintiffs argue also that the project violates the maximum dead end street length in the Falmouth Land Subdivision Ordinance.  For the following reasons, the plaintiffs' appeal is denied.

I. Mixed Use Development

The Commercial Zone was rezoned at the request of The Woodlands Corporation to "mixed use cluster district" in 1989 to allow development of the

Commercial Zone. SR. Tab 3, Falmouth Town Council Minutes of 1/23/89 at 12-15; SR. Tab 4, Falmouth Town Council Minutes of 2/27/89 at 5-7. Mixed use development is defined as "[a] planned, integrated development involving two or more different uses including, but not limited to, office, residential, light manufacturing, and retail, in an architecturally harmonious environment with common access and utility systems." SR. Tab 6, § 2.94.

The right to develop the Commercial Zone south of The Woodlands was always clear. See Alexander v. Fairway Villas, Inc., 1998 ME 226, ¶ 11, 719 A.2d 103, 106. Residents of the Commercial Zone have the right to membership in the Woodlands Club and to use of its facilities, including the golf course. R. Tab 20. Residents are also entitled to use the golf course and the pond, both in the mixed use and farm and forest zones. R. Tab 2; R. Tab 20. Based on this record, the Planning Board's determination that Phase I is a mixed use development is supported by competent evidence in the record. See Goldman v. Town of Lovell, 592 A.2d 165, 168 (Me. 1991) (terms of zoning ordinance defined by court as matter of law but whether use meets definition may be matter of fact); see also Crispin v. Town of Scarborough, 1999 ME 112, ¶ 15, 736 A.2d 241, 246 (board's interpretation of ordinance not unreasonable).

II. Maximum Length for Dead End Streets

The plaintiffs rely on the Falmouth Land Subdivision Ordinance to argue that the project violates the maximum 1500-foot length for dead end streets. Falmouth Land Subdivision Ordinance, App. 5, §§ C(1), (5) & E(5)(b), (c). The

plaintiffs contend that defendant Fairway Villas, Inc. did not submit any special design for the dead end streets and that even if such a submission had been made, the substantive requirements of the ordinance could not be met because the length of the dead end street serving the project must be measured from the intersection of Woodlands Drive and Woods Road.

The issue of the dead-end street length was previously resolved. See, e.g., R. Tab 28, Planning Board Minutes of 4/6/99 at 4; R. Tab 1 at 2; R. Tab 2 at 2; R. Tab 3 at 6; SR. Tab 14, Board of Zoning Appeals Minutes of 4/7/86 at 1; SR. Tab 14, Memo at 2; SR. Tab 14, Board of Zoning Appeals Minutes of 5/27/86 at 5; SR. Tab 17 at 2; SR. Tab 18; SR. Tab 19, Planning Board Minutes of 12/2/86 at 3; SR. Tab 20, Preliminary Subdivision Approval at 2. With the addition of two emergency access roads attached to Woodlands Drive, the Planning Board's determination that the ordinance was satisfied is supported by competent evidence in the record. See H.E. Sargent, Inc. v. Town of Wells, 676 A.2d 920, 923 (Me. 1996).

The entry is

The Plaintiffs' Appeal is DENIED.

The Decision of the Town of Falmouth Planning Board is AFFIRMED.

Date: October 8, 2000

Nancy Mills
Justice, Superior Court

Date Filed __01-04-00__    CUMBERLAND    Docket No. __AP 00-001__
County

Action ___APPEAL (80B)___

ROBERT J. SPRINGBORN   and              THE TOWN OF FALMOUTH
WENDY P. SPRINGBORN                     FAIRWAY VILLAS, INC.

vs.

Plaintiff's Attorney                    Defendant's Attorney
JOHN C. BANNON ESQ   773-5651           PETER W. GULLEY, ESQ &   791-1100 (FAIRWAY
PO BOX 9785, PORTLAND ME 04104-5085     CATHERINE R. CONNORS, ESQ.
                                        ONE MONUMENT SQUARE, PM.,   04112

                                        AMY TCHAO/WILLIAM PLOUFFE ESQ. (TOWN)
                                        PO BOX 9781, PORTLAND 04104

OCT 31 2000
RONALD L. GARBRECHT
LAW LIBRARY

Date of
Entry

2000