**David OMAN and Jean Oman**

v.

**TOWN OF LINCOLNVILLE.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1989.
Decided Jan. 3, 1990.

---

Esther R. Barnhart (orally), Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for plaintiffs.

Terry Calderwood (orally), Calderwood, Ingraham & Gibbons, Camden, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs David and Jean Oman appeal from a judgment of the Superior Court (Waldo County, *Browne, J.*) affirming a decision rendered by the Zoning Board of Appeals for the Town of Lincolnville. The Board declared that the conversion of plaintiffs' rental cabins to a condominium form of ownership would violate the minimum lot size requirement of the General Zoning Ordinance. Plaintiffs argue on appeal that their condominium proposal is protected from the application of the lot size requirement by the grandfather clause. We affirm the Superior Court.

The facts of the case are undisputed. Plaintiffs own property in Lincolnville consisting of a main house and eight detached cabins located on 3.01 acres. Each cabin has a separate heating and electrical system as well as its own bathroom and kitchen. All of the buildings have been in existence for more than forty years and, with the exception of the main house, have been used continuously as rental cabins. All of the cabins, with the exception of one, have been rented on a seasonal basis, generally from May to October. Approximately 50% of the rentals are for a period of one night.

Plaintiffs proposed to sell the individual cabins and the main house as condominium units for seasonal single family residence. At issue is the interpretation of three articles of the Town's General Zoning Ordinance. Article 7 mandates that "[m]inimum lot area shall be 40,000 square feet per individual dwelling unit or other single use". Article 7A defines a "dwelling unit" as "a room or group of rooms designed and equipped exclusively as living quarters for only one family...." Article 4 governing prior existing uses provides that:

Any lawful use of building, structure, premises, land or parts thereof existing prior to the effective date of this Ordinance and not in conformance with the provisions of this Ordinance may continue and may be maintained, repaired and improved. No such non-conforming use may be expanded or changed to any other non-conforming use in any way which does not conform to this Ordinance.

Plaintiffs contend that the proposed conversion involves no change in use. It is their position that at present each individual rental cabin constitutes a "dwelling unit" on a nonconforming lot. The Town contends, however, that the entire cabin rental operation constitutes a single use and, as such, meets the requirement for minimum lot size.

The Board declined to interpret "dwelling unit" to include the rental cabins. The Board committed no error of law in this regard. A rental cabin serving a transient population is not "designed and equipped exclusively for use as living quarters for only one family." Accordingly, the conversion to condominiums will involve the creation of nine individual "dwelling units" out of the former single use. The Board correctly determined that each newly-created "dwelling unit" must comply with the minimum lot requirement of 40,000 square feet.

The Entry is:

Judgment affirmed.

All concurring.