1997 ME 193

**INTERSTATE FOOD PROCESSING CORP.**

v.

**TOWN OF FORT FAIRFIELD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 7, 1997.

Decided Aug. 18, 1997.

Richard N. Solman, Solman & Hunter, P.A., Caribou, for plaintiff.

Lee K. Bragg, Janet E. Milley, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Interstate Food Processing Corp. appeals from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming the State Board of Property Tax Review's dismissal of Interstate's tax abatement appeal. Interstate argues that its appeal should have been suspended rather than dismissed. We agree and vacate the judgment.

[¶ 2] In April 1993, Interstate's food processing plant and related facilities in Fort Fairfield were valued for property tax purposes at approximately $5.3 million. Interstate was assessed property taxes of approximately $144,000 for the 1993–1994 tax year. The taxes, due in February 1994, were not paid until June 1994. In March 1994, Interstate sought an abatement from the assessor of the Town of Fort Fairfield. The assessor denied the request and Interstate appealed to the Town Board of Assessment Review. The Town Board did not act on the appeal

and it was deemed denied in July 1994. *See* 36 M.R.S.A. § 843(1) (Supp.1996), *amended by* P.L.1995, ch. 262, § 4 (appeal deemed denied if board fails to give written notice of its decision within 60 days). Interstate appealed the Town Board's denial to the State Board of Property Tax Review which granted the Town's motion to dismiss, concluding that the plain language of 36 M.R.S.A. § 843(4), (Supp.1996), *amended by* P.L.1995, ch. 262, § 4,[1] requires dismissal of appeals brought after the due date of taxes when those taxes were unpaid as of the due date. The Superior Court affirmed the State Board's decision. This appeal followed.

[¶ 3] When, as here, the Superior Court acts as an intermediate appellate court, we review directly the decision of the State Board for errors of law. *See, e.g., Weekley v. Town of Scarborough,* 676 A.2d 932 (Me.1996). Interstate argues that the State Board erred in interpreting 36 M.R.S.A. § 843(4) to require dismissal rather than suspension of its appeal. Interstate contends that the plain language of section 843(4) specifies only that taxes must be paid by the due date to enter or continue an appeal. It does not state the consequences of failure to pay the required tax. Interstate asserts that there are two possible interpretations of the effect of failure to pay: suspension of the appeal until the taxes are paid or permanent dismissal. It contends suspension is the proper interpretation. We agree.

[¶ 4] When interpreting a statute, we must give effect to the intent of the Legislature. *Town of Madison, Dep't of Elec. Works v. PUC,* 682 A.2d 231, 234 (Me. 1996). That intent is obtained ordinarily from the plain language of the statute itself, and such plain meaning is applied so long as it does not lead to an absurd or illogical result. *See e.g., Central Maine Medical*

---

1. When Interstate filed its appeal, section 843(4) provided:

A taxpayer must pay an amount of current taxes equal to the amount of taxes paid in the next preceding year or the amount of taxes in the current tax year not in dispute, whichever is greater, by the due date in order to enter an appeal under this section or to continue prosecution of an appeal pending under this section. If

an appeal is in process upon expiration of a due date for payment of taxes in a particular municipality, without the appropriate amount of taxes having been paid, the appeal process must be suspended until the appropriate amount of taxes, together with any accrued interest and costs, has been paid. This section applies to any property tax year beginning on or after April 1, 1993.

*Center v. Maine Health Care Finance Comm'n*, 644 A.2d 1383, 1386 (Me.1994). " 'The legislative department is supposed to have a consistent design and policy and to intend nothing inconsistent or incongruous.' " *Whorff v. Johnson*, 143 Me. 198, 204, 58 A.2d 553, 556 (1948) (quoting *Cummings v. Everett*, 82 Me. 260, 265, 19 A. 456, 457 (1890)).[2] When interpreting a section of a statute we "remain mindful of the whole statutory scheme ... so that a harmonious result may be achieved." *Daniels v. Tew Mac Aero Servs., Inc.*, 675 A.2d 984, 987 (Me.1996).

[¶ 5] Here the plain language of the statute provides that if a taxpayer fails to pay its taxes when due and then attempts to appeal, such an appeal may not be entered. The plain meaning of the language appears to require dismissal of an appeal filed in those circumstances. Such an interpretation, however, leads to an illogical result. That is, an appeal filed the day before the due date is merely suspended if the taxes are not paid by the due date, but an appeal filed one day after the due date is dismissed if the taxes were not paid by the due date. This illogical result raises a question as to the Legislature's intent.

[¶ 6] We look to the purposes of the statute to determine the sanction intended by the Legislature. *See, e.g., Givertz v. Maine Medical Center*, 459 A.2d 548, 554 (Me.1983) (failure to meet statutory notice-of-claim provisions subjected malpractice suit to dismissal rather than a stay because a contrary conclusion would frustrate "the very essence of the object sought to be accomplished by the Legislature, i.e., the prospective lessening of litigation and the settlement of meritorious claims ...."); *see also Michaud v. Northern Maine Medical Center*, 436 A.2d 398, 401–02 (Me.1981) (when a party fails to meet a statutory requirement the question becomes what is the appropriate sanction under the circumstances). By enacting section 843(4), the Legislature sought to ensure prompt payment of property taxes.[3] A provision within section 843(4) itself reveals that suspension rather than dismissal is sufficient to accomplish that objective. *See Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512 (Me. 1980) (dismissal is inappropriate when that sanction does not serve the legitimate purpose behind a technical procedural requirement). Section 843(4) requires that when an appeal is filed before the due date and the taxes are not paid by the due date, the appeal is merely suspended until payment. In light of the statute's explicit requirement of suspension for failure to pay taxes when an appeal is filed before the due date, and the illogical consequence of requiring dismissal of an appeal filed after the due date when taxes have not been paid, we conclude that the Legislature intended that the consequence of failing to pay taxes by the due date when an appeal is filed after the due date is suspension of an appeal until payment.[4]

---

2. We have used a variety of formulations to describe the type of results that lead us to look beyond the plain meaning of a statute to determine the legislative intent. *See e.g., International Paper Co. v. Town of Jay*, 665 A.2d 998, 1002 (Me.1995) (results that are absurd, inconsistent, unreasonable, or illogical); *Jordan v. Sears, Roebuck & Co.* 651 A.2d 358, 360 (Me.1994) (results that are absurd, illogical, or inconsistent); *Woodcock v. Atlass*, 393 A.2d 167, 170 (Me.1978) (results that are inconsistent or unreasonable); *Whorff v. Johnson*, 143 Me. 198, 204, 58 A.2d 553, 556 (1948) (results that are inconsistent or incongruous).

3. The emergency preamble of the act enacting the applicable version of section 843(4) provides:

> **Whereas,** Acts of the Legislature do not become effective until 90 days after adjournment unless enacted as emergencies; and
>
> **Whereas,** municipalities have certain expenses and liabilities that must be met as they become due; and

> **Whereas,** it is necessary that the assessed taxes are paid in a timely manner in order to provide the required revenue for the municipalities; and
>
> **Whereas,** the 90–day period may not terminate before taxes committed after April 1, 1993 are due; and
>
> **Whereas,** in the judgment of the Legislature, these facts create an emergency ... and require the following legislation as immediately necessary for the preservation of the public peace, health and safety....

P.L.1995, ch. 242, Emergency preamble.

4. The Legislature's 1995 amendment to section 843(4) explicitly provides suspension as the consequence in these circumstances. *See* 36 M.R.S.A. § 843(4) (Supp.1996). Although we do not rely on this fact to reach our conclusion here, the amendment reflects a legislative judgment that suspension addresses adequately the underlying purpose of the statute.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment vacating the decision of the State Board of Property Tax Review, and further proceedings consistent with the opinion herein.

ROBERTS, GLASSMAN, RUDMAN and DANA, JJ., concur.

WATHEN, C.J., with whom CLIFFORD, J., joins, dissent.

WATHEN, Chief Justice, with whom CLIFFORD, Justice, joins, dissenting.

[¶ 7] I respectfully dissent. The statute is unambiguous. The plain meaning of the statute prohibits the filing of an appeal if the taxpayer has failed to pay taxes when due. "A taxpayer must pay an amount of current taxes ... in order to enter an appeal ... or to continue prosecution of an appeal...." 36 M.R.S.A. § 843(4) (Supp.1996). If the meaning of the statute is clear on its face, the language must prevail and no further inquiry is required. *Cook v. Lisbon School Committee*, 682 A.2d 672, 676 (Me.1996). Moreover, in this case, the plain meaning of the language unmistakably furthers the purpose of the statute—to ensure prompt payment of property taxes.

[¶ 8] The Court justifies its interpretation of the statute by suggesting that the plain language leads to an illogical result. The statute draws a distinction between delinquent taxpayers who enter an appeal before the due date and delinquent taxpayers who enter an appeal after the due date. When current taxes are not paid, the statute denies an appeal to those who have failed to file before the date taxes are due and suspends the appeal of any taxpayer who has filed in a timely fashion. I disagree with the Court's conclusion that this result is illogical. Reasonable minds may differ over the wisdom or fairness of the line drawn by the Legislature, but the line has been drawn and we should apply it.

[¶ 9] In my judgment, dismissal of the appeal is the only appropriate remedy. "A statute prohibiting the commencement of an action [or appeal] need say no more to require a dismissal of any action [or appeal] filed in violation of its terms." *Michaud v. Northern Maine Medical Center*, 436 A.2d 398, 403 (Me.1981) (Wathen J., dissenting). I would affirm the judgment.